IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PHILIPS NORTH AMERICA LLC,

    Plaintiff,

v.                                            CIVIL ACTION NO.  2:21-cv-00298

RADON MEDICAL IMAGING CORPORATION-WV, et al.,

    Defendants.


MEMORANDUM OPINION AND ORDER

Pending before the court are two motions: Plaintiff's Motion for Expedited Discovery [ECF No. 8] and Defendants' Motion to Dismiss [ECF No. 13]. For the reasons that follow, the motion for expedited discovery is **DENIED as moot** and the motion to dismiss is **DENIED in part** and **GRANTED in part**.

I.    Background

Plaintiff Philips North America LLC ("Philips") manufactures, sells, and services medical imaging systems, including ultrasound machines. Some features and functions of these machines are not standard and must be licensed to each end-user directly from Philips for a fee. Distributors of Philips' medical imaging systems are not authorized to enable these add-on features. Philips filed this action against Radon Medical Imaging Corporation-WV ("Radon WV") and Radon Medical, LLC ("Radon Medical"), (collectively, "Defendants"), alleging that Defendants, who were

distributors not authorized to enable additional features, improperly hacked and enabled add-on features on at least two ultrasound machines.

Philips claims that Defendants sold two ultrasound machines to King's Daughters Medical Center in Ashland, Kentucky, and that those machines were enabled with unlicensed add-on features valued at over $300,000. Philips claims that Defendants improperly accessed Philips' proprietary software and enabled these software features for their customers so they could compete directly with Philips for commercial gain. Philips brings the following claims: violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("Count I"); violation of the West Virginia Computer Crime and Abuse Act, W. Va. Code § 61-3C-1 *et seq.* ("Count II"); violation of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201 and 1202 ("Count III"); violation of the Defendant Trade Secrets Act, 18 U.S.C. § 1836 ("Count IV"); violation of the West Virginia Uniform Trade Secrets Act, W. Va. Code § 47-22-9, *et seq.* ("Count V"); Unfair Competition ("Count VI"); and Fraud ("Count VII").

## II. Philip's Motion for Expedited Discovery

When Philips filed its Complaint, it also filed a motion for a preliminary injunction [ECF No. 9] and a motion for expedited discovery to determine the proper scope of that injunction [ECF No. 8]. Philips later withdrew its motion for a preliminary injunction [ECF No. 15], but the motion for expedited discovery remains pending. Because the discovery motion was limited to determining the proper scope of any preliminary injunction, the motion [ECF No. 8] is **DENIED as moot**.

### III. Defendants' Motion to Dismiss

Defendants move to dismiss Philips' complaint. Defendants advance two separate theories in favor of dismissal. First, Defendants argue that there are other necessary and indispensable parties who should be joined pursuant to Federal Rule of Civil Procedure 19. Second, Defendants allege that Radon Medical should be dismissed because Philips fails to state a claim against it.

#### A. Whether there are necessary and indispensable parties

Rule 19 of the Federal Rules of Civil Procedure, which governs the joinder of parties, "sets up a two-step inquiry." *McKiver v. Murphy-Brown, LLC*, 980 F.3d 937, 950 (4th Cir. 2020) (internal quotation marks omitted) (citation omitted). To determine whether joinder is required, I must ask "first whether the nonjoined party is necessary under Rule 19(a) and then whether the party is indispensable under Rule 19(b)." *Gunvor SA v. Kayablian*, 948 F.3d 214, 218 (4th Cir. 2020) (citation omitted). Pursuant to Rule 19(a)(1), a party is necessary if

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of an action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). A necessary party should be joined in the action. But "[w]hen a party cannot be joined because its joinder destroys diversity, the court must

3

determine whether the proceeding can continue in its absence or whether it is indispensable pursuant to Rule 19(b) and the action must be dismissed." *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999) (citation omitted).

Defendants claim that there are two necessary and indispensable non-parties who should be joined in this action. Defendants argue that they are the last distributor in the supply chain, and that their up-stream suppliers, Probo Medical and Ultrasound Online, should be joined. According to Defendants, Probo Medical and Ultrasound Online were responsible for providing Radon WV the ultrasound machines at issue here, and those machines arrived to Radon WV "with all of the software installed, configured and enabled. Radon WV made no additional adjustments to any software . . . on the two (2) ultrasound machines." [ECF No. 14, at 3].

Relevant to Rule 19(a)(1)(A), Defendants argue Probo Medical and Ultrasound Online are necessary parties because the court cannot accord complete relief in their absence. Defendants argue that one or both of the non-parties are responsible for any hacking of the ultrasound machines, and Philips cannot obtain relief by "enjoining Radon WV from doing what another entity allegedly did." [ECF No. 14, at 7]. This argument misunderstands Rule 19(a)(1)(A). That rule requires only that the court be able to afford complete relief *among existing parties.*

Here, I find that complete relief among the existing parties is possible without joining Probo Medical or Ultrasound Online. Philips claims that Defendants, and Defendants alone, hacked and improperly configured the ultrasound machines.

4

Defendants, on the other hand, assert that they did not and could not have hacked the machines. Though Defendants place blame on the non-parties, there is no allegation whatsoever that the non-parties are joint tortfeasors. Philips makes no such claim and Defendants argue only that *if* there was any hacking, it must have been done by some other entity. Discovery in this case can and will reveal whether one or both Defendants hacked the ultrasound machines at issue here. If it turns out an existing Defendant is responsible for the hacking, then Philips can obtain complete relief against that party.

Defendants have not claimed that one or both of the non-parties may be ultimately responsible to cover any liability assigned to Defendants, and they have not sought to implead either Probo Medical or Ultrasound Online. If the evidence shows that either the machines were never hacked or they were hacked by some non-party, then complete relief among *these parties* can still be achieved. Defendants will be absolved of wrongdoing and Philips will have learned that Defendants are not responsible. This claim will be resolved.

Because this case can afford complete relief among the existing parties without joining Probo Medical or Ultrasound Online, I find that those entities are not necessary parties pursuant to Rule 19(a)(1)(A).

Relevant to Rule 19(a)(1)(B), Defendants argue that Probo Medical and Ultrasound Online are necessary parties because proceeding without them is likely to impede their ability to protect their interests, and because proceeding without

5

them places Radon WV[1] at risk of incurring multiple or inconsistent obligations. Though each of these arguments fail independently, they both suffer from a fatal defect—neither non-party has "claim[ed] an interest relating to the subject of the action." Fed. R. Civ. P. 19(a)(1)(B). Even assuming Probo Medical or Ultrasound Online had claimed such an interest, I would not find that they are necessary parties.

First, there is no reason that proceeding without Probo Medical or Ultrasound Online would impede either's ability to protect its interest as a distributor of Philips' systems. Defendants argue that "[i]f Probo Medical and/or Ultrasound Online are authorized by Philips to configure and enable the software and in fact did so, [their] participation . . . is necessary for them to express and protect that interest." [ECF No. 14, at 7]. This argument falls flat because neither Probo Medical nor Ultrasound Online's authority to enable any software options is at issue in this case. The only question here is whether Radon WV or Radon Medical improperly hacked the ultrasound machines. Whether Probo Medical or Ultrasound Online was authorized to enable software is irrelevant to that question.

Further, as this case stands, there is no reason why proceeding without Probo Medical or Ultrasound Online creates a substantial risk that Radon WV will incur multiple or inconsistent obligations. As I have explained, Defendants do not claim that either non-party may ultimately be liable to them for any judgment or determination of wrongdoing. Instead, Defendants point the finger entirely at the

---

[1] Defendants make this argument only with respect to Radon WV, and not Radon Medical. This is presumably because Defendants argue Radon Medical is not a proper party at all, as discussed below.

6

non-parties. If the evidence shows what Defendants claim it will, it will show that Defendants did not hack the ultrasound machines and therefore have no liability. On the other hand, if the evidence shows that Defendants did hack the ultrasound machines and enable to software, then it was not one of the non-parties and there is no risk of a later inconsistent obligation.

Therefore, I do not find that either Probo Medical or Ultrasound Online is a necessary party pursuant to Rule 19(a)(1)(A) or (B). Therefore, I need not determine whether either is indispensable. Defendants' Motion to Dismiss [ECF No. 13] on this ground is **DENIED**.

### B. Whether Radon Medical is a proper party

Next, Defendants move to dismiss the Complaint against Radon Medical for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue, without much explanation, that the Complaint fails to state a claim against Radon Medical because it fails to allege that Radon Medical "possessed the ultrasounds or engaged in any of the conduct at issue." [ECF No. 14, at 9]. Defendants seem to suggest that the Complaint, which entirely refers to Defendants collectively as "Radon," fails to state a claim only against Radon Medical because, according to Defendants, Radon Medical was not involved in the purchase of the ultrasound machines at issue. That is, Defendants concede that Radon WV obtained, possessed, and sold ultrasound machines at issue, but base their motion to dismiss on their assertion that Radon Medical was not involved. To support their claim, Defendants attach an affidavit to their Motion [ECF No. 13-1]. However, I decline to

consider the affidavit because it is material outside the pleadings that would require converting this motion to one for summary judgment.[2]

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, 'the-defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

To achieve facial plausibility, the plaintiff must plead facts allowing the court to draw the reasonable inference that the defendant is liable, moving the claim beyond the realm of mere possibility. *Id.* Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555. In general, a complaint need not make each allegation against each defendant separately if the claim is that multiple defendants acted in concert. In claims of fraud or mistake, however, the plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Therefore, "[i]n cases where there are multiple defendants, '[a] complaint fails to meet the particularity requirements

---

[2] For clarity, I also decline to consider the materials attached to Philips' Response [ECF No. 16] for the same reason.

of Rule 9(b) when a plaintiff asserts merely conclusory allegations of fraud against multiple defendants without identifying each individual defendant's participation in the alleged fraud.'" *United States v. Gwinn*, No. 5:06-cv-00267, 2008 WL 867927 at *10 (S.D. W. Va. March 31, 2008) (quoting *Adams v. NVR Homes, Inc.*, 193 F.D.R. 243, 250 (D. Md. 2000)).

Here, Philips' Complaint alleges that both defendants, Radon WV and Radon Medical, hacked and altered the ultrasound machines at issue. I find that the allegations in the Complaint state a plausible claim for relief against each defendant for Counts I through VI. Defendants' bare assertion that Radon Medical was not involved in the purchase of the ultrasound machines is insufficient at this stage to overcome the allegations in those portions of the Complaint. However, Count VII, a fraud claim, fails because Philips failed to identify each individual defendant's participation in the alleged fraud. Therefore, the Motion to Dismiss [ECF No. 13] is **GRANTED in part**, only with respect to Count VII. The Motion is otherwise **DENIED**.

### IV. Conclusion

For the foregoing reasons, Philips' Motion for Expedited Discovery [ECF No. 8] is **DENIED as moot**. Defendants' Motion to Dismiss [ECF No. 13] is **DENIED in part** and **GRANTED in part** only with respect to Count VII. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 11, 2021

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE