IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

PHILIPS NORTH AMERICA LLC,

    Plaintiff,

v.                                                                    Civil Action No.  2:21-cv-298

RADON MEDICAL IMAGING
CORPORATION-WV, et al.,

    Defendants.

### ORDER SEALING EXHIBIT

This matter is before the Court on the unopposed Motion to Seal filed by Philips North America LLC ("Philips" or "Plaintiff"). (ECF No. 93.) Therein, Philips seeks an order permitting it to file under seal an unredacted version of an exhibit that Philips submitted to the Court in support of its Motion to Compel, as well as in its response brief in opposition to Defendant Probo Medical LLC's ("Probo") Motion for Protective Order. (ECF Nos. 85, 90, 90-2, 91, 91-13.) For the reasons set forth herein and for good cause shown, Philips's Motion to Seal (ECF No. 93) is hereby **GRANTED**.

Plaintiff Philips initiated this civil action involving trade secret information on May 13, 2021. (ECF No. 1.) In its operative October 8, 2021 Amended Complaint, Philips asserts that it is the owner of "certain confidential, proprietary, and trade secret information, including scientific, technical, and engineering information and financial, business, and economic information . . . in Philips's proprietary software for the Philips systems, and Philips service and diagnostic software." (ECF No. 28 at 21 ¶ 99.) Philips alleges *inter alia* that Defendants "are creating and/or using fake credentials and/or other

hacking tools in order to enable unlicensed optional Philips software on Philips ultrasound systems used and/or sold by Defendants in their business and to gain unlicensed and unauthorized access to Philips' proprietary tools, including servicing tools." (ECF No. 28 at 11 ¶ 49.)

The Court entered a Scheduling Order on August 27, 2021, and the parties initiated the discovery process. (ECF No. 23.) Subsequently on April 19, 2022, Defendant Probo filed a Motion for Protective Order regarding information at issue in the parties' discovery process. (ECF No. 85.) In turn, on May 3, 2022, Philips filed a Motion to Compel on the same issue, as well as a brief in response to Probo's Motion for Protective Order. (ECF Nos. 90, 91.) Philips attached a number of exhibits to its Motion and to its Response filings; one of these—Exhibit M, which is the April 27, 2022 Affidavit of Jacqueline Dickson, who is Philips's Program Manager for Customer Service Intellectual Property Governance—was redacted in part to protect references to information that Philips asserts is references detailed, technical business information, and was filed with minimal redactions. (ECF No. 90-2; 91-13.) Due to the nature of this information, Philips seeks an order permitting a complete, unredacted version of Exhibit M to be filed under seal. (ECF No. 93 at 2.)

A district court may permit a party to file documents under seal in limited circumstances. Fed. R. Civ. P. 5.2(d); *see also* LR Civ P 26.4(c). When a party makes a request to seal judicial records, a district court "must comply with certain substantive and procedural requirements." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004). Under Local Rule of Civil Procedure 26.4(c), a motion to seal must be accompanied by a memorandum of law that contains "(A) the reasons why sealing is necessary, including the reasons why alternatives to sealing, such as redaction, are

inadequate; (B) the requested duration of the proposed seal; and (C) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our court of appeals." Loc. R. Civ. P. 26.4(c). Although there is a presumption of access, this presumption "may be rebutted if countervailing interests heavily outweigh the public interests in access." *Dilliner v. Gen. Motors, LLC*, No. 2:19-CV-00415, 2021 WL 665531, at *2 (S.D. W. Va. Feb. 19, 2021) (internal quotations and citation omitted). Adequate countervailing interests frequently arise in the context of proprietary business information. *See Celgard, LLC v. Shenzhen Senior Tech. Material Co.*, 2021 WL 252561, at *1 (W.D.N.C. Jan. 25, 2021) ("[t]he Court determines that no less restrictive means other than sealing is sufficient because a public filing of such materials would reveal confidential financial and business information which, if made public, could harm the parties' business interests … sealing of these documents is narrowly tailored to serve the interest of protecting the confidential information."); *May v. Medtronic Inc.*, 2006 WL 1328765, at * 1 (D.S.C. May 15, 2006) (finding that certain business records should be sealed because they "contain confidential and proprietary information that would damage [the movant's] business if disclosed"); *Peters v. Aetna Inc.*, 2018 WL 4937066, at *1 (W.D.N.C. Oct. 11, 2018) ("the parties have demonstrated that the documents at issue contain confidential and sensitive business information . . ., and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure.").

Here, Philips has adequately demonstrated that the common law presumption of public access is overcome by countervailing interests which heavily outweigh the public interest in full access to the information redacted in Exhibit M. Philips explained that

permanent sealing is necessary because the document in Exhibit M "references certain confidential and sensitive technical information and proprietary business information, including data from an internal log report from Philips' machines and the information derived from that report, such as confidential User ID numbers; serial numbers; and location access points." (ECF No. 93-2 at 2.) Philips further explained that "sealing the unredacted version of the Affidavit attached as Exhibit M to Philips' Response and Motion is imperative to protect Philips' business interests, because the public filing of such materials would reveal Philips' confidential technical and business information, including information regarding its methods of accessing information related to its machines." *Id.* at 3. Importantly, Philips specifically outlined the harm it would face from public access to the protected information:

> [I]f members of the public (including third parties attempting to circumvent Philips' control mechanisms) know the information Philips might be able to collect from the log files, they could adjust their methods to evade detection, posing substantial risks to Philips' business.

*Id.* at 3-4 (citing *Gentry v. Maggie Valley Resort Mgmt., LLC*, No. 1:13-cv-00108, 2014 WL 1384451, at *2 (W.D.N.C. 2014) (sealing a party's "sensitive financial or business data"); *King Coal Chevrolet Co. v. Gen. Motors Co.*, No. 2:12-5992, 2012 WL 5877555, at *1 (S.D. W.Va. Nov. 20, 2012) (permitting redaction of "commercially sensitive" confidential information)).

In light of the foregoing, the undersigned **FINDS** that the public interest in this private contractual matter between medical-equipment/software owners and sellers is substantially outweighed by the harm Philips would incur if confidential financial and business information contained in Exhibit M were exposed to the public—indeed, it forms the basis of this lawsuit. Particularly where, as here, an unsealed, minimally-redacted

version was also filed on the record that does not otherwise affect the ability of third parties to view the gist of the document, the public's interest is adequately protected. *See, e.g., Mears v. Atl. Se. Airlines, Inc.*, No. 5:12-CV-613-F, 2014 WL 5018907, at *3–5 (E.D.N.C. Oct. 7, 2014) (permitting sealing information where it was narrowly tailored); *Tolliver v. Tandium Corp.*, No. CV ELH-21-1441, 2021 WL 5827886, at *3 (D. Md. Dec. 8, 2021) (permitting redaction where majority of exhibit remained public). Accordingly, it is appropriate to permit Philips to file under seal—in addition to the minimally-redacted version already filed with the Court—an unredacted copy of the exhibit docketed at ECF No. 93-1, and Philips's Motion to Seal (ECF No. 93) is therefore **GRANTED**.

**IT IS SO ORDERED**.

The Clerk of Court is **DIRECTED** to transmit a copy of this Order to counsel of record and to any unrepresented party.

Date: November 3, 2022

Dwane L. Tinsley
United States Magistrate Judge

5