UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PHILIPS NORTH AMERICA LLC,

    Plaintiff,

v.                                      Civil Action No. 2:21-cv-00298

PROBO MEDICAL LLC,

    Defendant.

**ORDER**

This matter is before the undersigned on the "Motion to Compel Compliance with Discovery Order and for Sanctions," filed by Plaintiff Philips North America LLC ("Plaintiff" or "Philips") on July 17, 2023. (ECF No. 146.) Probo filed a Response Memorandum in Opposition on July 19, 2023, and Philips filed a Reply Memorandum on the same day. (ECF Nos. 149; 150.) On July 20, 2023, the parties appeared, by counsel, for oral argument on the motion. Having considered the written materials and the argument of counsel, Philips's motion is now ripe for review. For the reasons set forth herein, the motion is **GRANTED IN PART** and **DENIED IN PART**.

    I.    **Background**

On October 8, 2021, Philips filed an Amended Complaint in which it named Defendant Probo. (ECF No. 28.) Philips alleges in its Amended Complaint that Probo, in concert with its subsidiaries and/or other corporate entities, is engaged in an unlawful pattern and practice of acquiring stolen information and other corporate assets in order to gain access to premium features on Philips ultrasound machines without paying Philips

for a license to do so and without Philips's knowledge or consent. (*See* ECF Nos. 28; 80 at 2.) In light of these allegations, Probo's discovery conduct over the last sixteen months is particularly concerning to the Court.

On January 27, 2022, Philips served Probo with its "First Set of Requests for Production of Documents" and "First Set of Interrogatories," followed by Philips's "Second Set of Requests for Production of Documents" on February 28, 2022 (collectively, Plaintiff's "discovery requests"). (ECF Nos. 85-3; 85-4; 85-5.) Probo served its responses to the First Set on March 1, 2022, and the Second Set on March 30, 2022; therein, Probo objected to the scope of Philips's discovery requests. (ECF Nos. 85-6; 85-7; 85-11.) On April 19, 2022, Probo sought a protective order regarding the scope of discovery; in turn, Philips moved to compel Probo's responses. (ECF Nos. 85; 91.)

In the Court's December 19, 2022 Order, the undersigned narrowed the scope of Philips's requests, and ordered Probo to serve its supplemental responses no later than January 18, 2023. Probo did not comply with the Order; instead, counsel for Probo conferred with Philips's counsel and reached an agreement on a lengthier response deadline. Philips agreed to multiple extensions of time thereafter, relying upon Probo's inaccurate representations that its document-review process was nearly complete. Ultimately, after numerous modifications to the Court's Scheduling Order, Probo has still not completed its "rolling" production. When the presiding District Judge denied the parties' joint request to enter a *Fifth* Amended Scheduling Order (only five months after having entered the Fourth Amended Scheduling Order on February 2, 2023), Philips filed the subject motion. (ECF No. 146.) Therein, Philips seeks an order "requiring Probo to fully comply with the December 19, 2022 Order no later than July 21, 2023," along with "the attorney's fees and other expenses incurred by Philips with respect to [its] motion,"

and "appropriate sanctions" pursuant to Rule 37(b)(2)(A) in the event Probo fails to comply. *Id*. at 9-10.

Notably, at oral argument before the undersigned on July 20, 2023, counsel for Probo indicated that its document-review process could not be completed until August 21, 2023—*after* Philips's expert-disclosure deadline under the operative Fourth Amended Scheduling Order. Even more concerning, Probo's counsel was unable to provide specific answers to the undersigned's questions regarding the amount of documents awaiting review,[1] what that review entails, or even delineate which of Philips's discovery responses have been fully answered. Alarmingly, Probo's counsel was not even able to confirm the completion of data collection from his own client, hedging that the "vast majority" has been received from Probo. It appears that Probo did not even start to digitize hard copies of its purchase orders until recently; in fact, the record indicates that Probo did not put real efforts and resources toward its production until July 6, 2023—despite having represented to Philips in February of this year that its production would be complete in "approximately 90 days." (ECF No. 132.)

## II. Discussion

Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery responses. The Rule provides, in relevant part:

> [a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: [...] (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a

---

[1] In Probo's Memorandum in Opposition to Philips's subject motion filed on July 19, 2023, Probo represented to the Court that it has "searched for and gathered more than 100,000 documents [and] reviewed more than 80,000 documents for responsiveness . . . from February 9, 2023 to July 14, 2023." (ECF No. 149 at 1.) However, at oral argument on July 20, 2023, when asked to quantify how many documents remain in line for review, Probo's counsel responded that—not including the group of "purchase order and invoice" documents—"[t]he last I heard was over 100,000 documents . . . and that's the best information I have as I stand here before you." *See* Court audio, at 1:09:28 through 1:10:28.

3

>party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34."

Fed. R. Civ. P. 37(a)(3)(B)(iii-iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Rule 37 also sets forth the consequences of a party's failure to obey a Court Order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). The Rule provides that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." *Id*. The Rule sets forth a non-exclusive list of sanctions that the Court may order:

>(i)   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>(ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>(iii) striking pleadings in whole or in part;
>(iv)  staying further proceedings until the order is obeyed;
>(v)   dismissing the action or proceeding in whole or in part;
>(vi)  rendering a default judgment against the disobedient party; or
>(vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*Id*. Additionally, the Court may order the "disobedient party" and/or its attorney to pay "the reasonable expenses, including attorney's fees," caused by the party's noncompliance. Fed. R. Civ. P. 37(b)(2)(C).

The Federal Rules of Civil Procedure confer "substantial discretion" to the Court "in managing discovery." *Doe v. Cabell Cty. Bd. of Educ.*, 3:21-cv-31, 2022 WL 288193, at *4 (S.D. W. Va. Jan. 31, 2022) (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). "Resolution of a motion to compel," therefore,

4

"is generally left within the broad discretion of the District Court." *VICA Coal Co. v. Crosby*, 212 F.R.D. 498, 504 (S.D. W. Va. 2003) (citing *Lone Star*, 43 F.3d at 929) (denial of motion to compel reviewed on appeal for abuse of discretion); *Erdmann v. Preferred Research Inc.*, 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and *LaRouche v. National Broadcasting Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986) (same)).

Here, Probo has egregiously failed to meet its discovery obligations in this civil action, in direct contravention of a Court Order. The Court is not impressed with Probo's excuse that the records at issue were numerous. Document-heavy "e-discovery" is part and parcel of modern litigation, and Probo's counsel with the Ice Miller law firm—which placed 143rd on the American Lawyer's 2023 Am Law 200 ranking—unquestionably possess the resources and knowledge to complete this task. As the Ice Miller firm advertises on its own website, the firm "has developed a strong team of attorneys and paralegals who are very skilled in e-discovery and review work," with "extensive experience designing and managing large electronic document review projects[.]" "Electronic Discovery," Ice Miller, https://www.icemiller.com/practices/electronic-discovery/ (last visited July 21, 2023). Quite frankly, parties before this Court *routinely* complete far larger document reviews in much less time than the nearly seventeen months—more than five hundred days—that have passed since Philips served Probo with its Second Set of discovery requests on February 28, 2022.

Moreover, the size of Probo's "universe" of documents to review is irrelevant if—as the record evidence seems to indicate—Probo did not actually take steps to review the documents in earnest until July 2023. Nor does the amount of documents at issue explain away the inaccurate representations Probo made to Philips regarding the status and

5

extent of its "rolling" production—if not knowingly, then, at a minimum, in reckless disregard of the truth. Accordingly, the undersigned **FINDS** that Philips is entitled to an order once again compelling Probo to comply with its discovery obligations.

Based upon the representation of Probo's counsel that its document review cannot be completed until August 21, 2023, Philips's request for an order compelling Probo's compliance by July 21, 2023, is not workable. Certainly, as a result of Probo's litigation conduct, and in reliance on its representations, Philips has been prejudiced in its ability to move its case toward resolution; namely, Philips has been hampered in its ability to take depositions and prepare its expert witnesses for trial. The Court certainly lauds Philips's efforts to work collaboratively with opposing counsel; however, Philips continued to grant Probo extensions when it was not reasonable under the circumstances. In light of Probo's agreement that Philips may supplement its expert report, extending the compliance deadline to August 21 will not significantly increase the prejudice Philips has already incurred. The undersigned cautions Probo, however, that the Court will hold Probo to this August 21, 2023 deadline, and no further extensions of time will be granted. Moreover, as the parties have been unable to move the case along on their own, the Court will undertake additional monitoring of Probo's progress with its document production as provided below.

As to Philips's request for sanctions, in light of the egregiousness of Probo's litigation conduct, the undersigned agrees that sanctions are appropriate. As Probo's compliance is still incomplete, however, the issue of what sanctions are appropriate will be held in abeyance until Probo has complied with its discovery obligations, at which time Philips may renew its request for sanctions by motion.

### III. Conclusion

Accordingly, for the foregoing reasons, **IT IS ORDERED** as follows:

(1) Philips's Motion to Compel Compliance with Discovery Order and for Sanctions (ECF No. 146) is hereby **GRANTED IN PART** and **DENIED IN PART**;

(2) Probo is **ORDERED** to serve full and complete supplemental responses to Philips's discovery requests no later than **5:00 p.m. EST** on **August 21, 2023**;

(3) Any and all documents Probo produces in response to Philips's discovery requests—including all documents which Probo has already produced in this matter—**SHALL** be accompanied by a written Supplemental Response to Philips's discovery requests. If Probo chooses the "rolling" production method, a separate Supplemental Response containing this information **SHALL** accompany each successive document "rollout." Probo's written Supplemental Response **SHALL** identify by specific Bates number the range of documents being produced, the discovery request or requests to which the documents correspond, and a brief description of the documents being produced, in sufficient detail to permit Philips to identify them;

(4) If Probo withholds any documents on the basis of privilege, Probo **SHALL**, no later than August 21, 2023, produce to counsel for Philips, a Privilege Log in accordance with the Federal Rules of Civil Procedure. Probo **SHALL** at the same time provide a copy of its Privilege Log to the undersigned's chambers via hand delivery;

(5) Beginning on **July 24, 2023**, Probo **SHALL** submit[2] an *in camera* Status Report to the undersigned's chambers by **4:00 p.m. EST** each business day. The Status Report **SHALL** be signed by Probo's counsel of record, subject to Rule 11, and advise the undersigned regarding the production of documents since Probo's last report:

　　i. the number of documents Probo reviewed;

　　ii. the percentage of documents reviewed in relation to the total number;

　　iii. the number of documents Probo produced to Philips;

　　iv. the number of documents which Probo has left to review;

　　v. a list of the number of attorneys and staff members (including each vendor and its staff members) assigned to work on this matter, along with the number of hours each such attorney, staff member, and vendor employee spent on this matter since the previous report; and

　　vi. a copy of any written responses with which Probo served Philips pursuant to subpart (3), supra;

(6) The parties **SHALL** submit a Joint Status Report no later than **5:00 p.m. EST** on **July 28, 2023**; **August 4, 2023**; **August 11, 2023**; and **August 18, 2023**, respectively. The Joint Status Report **SHALL** contain a fulsome description of Probo's progress, including the number of documents Probo has produced along with the corresponding Bates numbers, and any issues that have arisen between the parties; and

---

[2] Probo's *in camera* submission may be delivered to the undersigned's chambers via hand delivery, or via email to Judge Tinsley's Judicial Assistant, Karen Stricker, at karen_stricker@wvsd.uscourts.gov.

(7)     Philips's request for sanctions is **HELD IN ABEYANCE**. Philips may renew its request by written motion no later than the close of discovery on **September 28, 2023**.

Probo is hereby **NOTIFIED** that failure to comply with this Order **WILL** result in the undersigned's recommendation to the presiding District Judge that default judgment be entered against Probo and trial proceed on the issue of damages only.

**IT IS SO ORDERED**.

The Clerk of Court is **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:     July 21, 2023

_____
Dwane L. Tinsley
United States Magistrate Judge