IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PHILIPS NORTH AMERICA LLC,

        Plaintiff,

v.                                      CIVIL ACTION NO.   2:21-cv-00298

PROBO MEDICAL, LLC, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is the Motion to Amend the February 20, 2024, Order to Include Certification for Interlocutory Appeal and to Stay Proceedings Pending Expedited Appeal filed by Defendant Probo Medical, LLC ("Probo"). [ECF No. 396]. As directed by the court, Plaintiff, Philips North America LLC ("Philips"), has filed a response, [ECF No. 409], and Probo has replied, [ECF No. 416]. Also as directed by the court, Probo has filed a brief in support of its motion, [ECF No. 410], to which Philips has also responded, [ECF No. 417]. For the reasons discussed below, Probo's Motion, [ECF No. 396], is **DENIED**, and this case will proceed to trial on the issue of damages as scheduled.

I. Background

This lawsuit centers around the alleged unlawful tampering or "hacking" of Philips systems by third-party companies to add or otherwise enable, transfer, or

1

access certain features, options, or software without obtaining appropriate licensing from and/or payment to Philips. According to Philips, Probo is one such company that engages in this practice. *See* [ECF No. 28]. Based on these allegations, Philips initiated the present lawsuit against Probo, among others who have since been dismissed, asserting six causes of action: (1) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("Count I"); (2) violation of the West Virginia Computer Crime and Abuse Act, W. Va. Code §§ 61-3C-3(3), -4, -5, -7(a), -13(b), -13(c) ("Count 2"); (3) violation of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201–1202 ("Count III"); (4) violation of the Defendant Trade Secrets Act, 18 U.S.C. § 1836 (Count IV"); (5) violation of the West Virginia Uniform Trade Secrets Act, W. Va. Code §§ 47-22-4, -9 ("Count V"); (6) Unfair Competition ("Count VI"). [ECF No. 28].

After months of discovery disputes between the parties, this court adopted in part and rejected in part Magistrate Judge Dwane L. Tinsley's Proposed Findings and Recommendations, [ECF No. 369], regarding Probo's discovery violations. *See* [ECF No. 393]. In relevant part, the court order sanctioned Probo for such violations by ordering an entry of default judgment, finding Probo liable as to each of Philips' legal claims and further ordering that this case proceed to trial solely on the issue of damages. *Id.* at 91. A Judgment Order was subsequently entered on February 21, 2024. [ECF No. 394].

On February 23, 2024, Probo filed the instant motion, seeking a certification for interlocutory appeal on three questions: (1) "Whether a Good-Faith Challenge to Personal Jurisdiction Renders the Entry of a Default Judgment Under Rule 37

2

Improper Absent a Determination of Personal Jurisdiction;" (2) "Whether a Default Judgment Under Rule 37 Is Improper Where the Defaulted Party Did Not First Receive an Explicit or Implicit Warning—Beyond Rule 37 Itself—of Potential Default;" and (3) "Whether Outside Counsel's Management of Document Discovery and a Case Schedule Is an Adequate Basis for Default Judgment against a Defendant with No In-House Counsel that Fully Cooperated with, and Made All Documents Timely Available to, Outside Counsel." [ECF No. 396, at 1–2]. Should the court allow for an interlocutory appeal, Probo also moves to stay the proceedings pending the Fourth Circuit Court of Appeals' decision on Probo's posited questions. *Id.* at 1. After Philips responded to Probo's motion on March 7, 2024, [ECF No. 409], pursuant to the court's request, Probo filed a brief in support of its motion, [ECF No. 410], followed by a reply filed five days later on March 12, 2024, [ECF No. 416]. The matter is now ripe for review.

## II. Legal Standard

Pursuant to 28 U.S.C. § 1292(b), an order for interlocutory appeal "must involve ' [1] a controlling question of law [2] as to which there is substantial ground for difference of opinion,' and [3] an immediate appeal from that order must promise to 'materially advance the ultimate termination of the litigation.'" *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340 (4th Cir. 2017) (quoting 28 U.S.C. § 1292(b)). Under this statute, "the certification of interlocutory appeal requires 'exceptional circumstances that justify a departure from the basic policy limiting appellate review to final judgments.'" *DiFelice v. U.S. Airways, Inc.*, 404 F.

3

Supp. 2d 907, 908 (E.D. Va. 2005) (quoting *Terry v. June*, 368 F. Supp. 2d 538, 539 (W.D. Va. 2005)). Although district courts have broad discretion under § 1292(b), *see Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995), the Fourth Circuit cautions that "§1292(b) should be used sparingly and . . . its requirements must be strictly construed." *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989).

Section 1292(b)'s first requirement—a controlling question of law—has been construed by the Fourth Circuit as "a pure question of law," *i.e.*, "an abstract legal issue that the court of appeals can decide quickly and cleanly." *United States ex rel. Michaels*, 848 F.3d at 340 (quoting *Mamani v. Berzain*, 825 F.3d 1304, 1312 (11th Cir. 2016)). However, interlocutory appeal under § 1292(b) is not appropriate when "the question presented 'turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case.'" *Id.* at 341 (quoting *McFarlin v. Conseco Servs. LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004)). Additionally, "[c]ontrolling questions include those 'whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes.'" *Virginia ex rel. Integra Rec LLC v. Countrywide Secs. Corp.*, No. 3:14cv706, 2015 WL 3540473, at *4 (E.D. Va. June 3, 2015) (quoting *Fannin v. CSX Transp., Inc.*, No. 88-8120, 1989 WL 42583, at *5 (4th Cir. Apr. 26, 1989) (unpublished) (per curiam)); *cf. Wyeth v. Sandoz, Inc.*, 703 F. Supp. 2d 508, 525 (E.D. N.C. 2010) (stating that "a question of law would not be controlling if the litigation would necessarily continue regardless of how that question were decided") (internal quotation marks omitted).

The second requirement under § 1292(b)—a substantial ground for difference of opinion—depends not on the "perspective of the parties" but rather on the perspective of the courts. *Ohio Valley Env't Coal. V. Elk Run Coal Co.*, No. 3:12-0785, 2014 WL 4660782, at *3 (S.D. W. Va. Sept. 17, 2014) (internal citation omitted); *see Advanced Training Grp. Worldwide, Inc. v. Proactive Techs. Inc.*, No. 19-cv-505, 2020 WL 13605310, at *2 (E.D. Va. Mar. 13, 2020) ("An interlocutory appeal is appropriate only where a difference of opinion exists *between courts* on a given controlling question of law, creating the need for an interlocutory appeal to resolve the split or clarify the law.") (emphasis in original) (internal quotation marks omitted); *Lynn v. Monarch Recovery Mgmt. Inc.*, 953 F. Supp. 2d 612, 624 (D. Md. 2013) ("An issue presents a substantial ground for difference of opinion if courts, as opposed to parties, disagree on a controlling legal issue.") (internal citation omitted).

The final requirement—that resolution of the controlling question of law at issue "may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b)—"means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin*, 381 F.3d at 1259. An interlocutory appeal is "limited to extraordinary cases where early appellate review might avoid protracted and expensive litigation [and] is not intended as a vehicle to provide early review of difficult rulings in hard cases." *City of Charleston v. Hotels.com, LP*, 586 F. Supp. 2d 538, 548 (D.S.C. 2008) (quoting *Abortion Rts. Mobilization, Inc. v. Regan*, 552 F. Supp. 364, 366 (S.D.N.Y. 1982)).

### III. Discussion

Probo contends that all three of its proposed questions satisfy § 1292(b)'s requirements. [ECF No. 396]. However, I find that permitting an interlocutory appeal regarding any of these three questions will clearly not "materially advance the ultimate termination of the litigation." I, therefore, turn to this element first.

#### A. Material Advancement

Probo claims that resolution of each of its proposed questions on appeal would materially advance the litigation, because it would "streamline trial" and "undoubtedly help avoid further 'protracted and expensive litigation.'" [ECF No. 396, at 6 (quoting *Fannin*, 1989 WL 42583, at *2)]. Probo also seems particularly concerned about the risk of duplicate trials, arguing that "the grant of an immediate appeal could . . . obviate a trial on damages that may eventually be rendered moot." *Id.* at 8 (citing *Freeman v. Globe Life & Accident Ins. Co.*, No. 13-cv-05249, 2014 WL 12656636, at *2 (S.D. W. Va. July 16, 2014)). Even if it did not prevail in that appeal, Probo contends that the grant of the appeal would, "at worst, maintain the status quo." *Id.* at 9.

Philips disagrees, arguing that resolution of the issues in Probo's proposed appeal will not materially advance the termination of this case. It claims that the appeal will neither "avoid a trial, nor . . . 'substantially shorten the litigation.'" [ECF No. 409, at 7–8]. Rather, Philips asserts that the appeal "will substantially *prolong* it." *Id.* at 8. It outlines the course of events Probo seeks as follows:

> In the ordinary course, here, a two-to-three-day damages trial will be held next month, after which both parties can take an appeal as of right with respect to all appealable orders and rulings. Probo's motion would derail the trial, stay the proceedings, require Fourth Circuit briefing, first on certification and then on the merits, followed by oral argument, a final decision, any post-decision proceedings, and return to this Court. And to what end? If Probo is unsuccessful, there would be a damages trial and another appeal. And, in the unlikely event Probo is successful, there would be a trial on liability and damages, followed potentially by another appeal after a final judgment.

*Id.* (footnote omitted).

Ultimately, I agree with Philips that an interlocutory appeal at this stage—on the eve of trial—would not materially advance the ultimate termination of the proceeding. Courts have long held that "allowing an appeal on the eve of trial would not advance the ultimate termination of litigation." *Conlin v. Sw. Cmty. Coll.*, No. 299CV247-C, 2001 WL 1018799, at *4 (W.D.N.C. Mar. 2, 2001); *see also United States v. Woodbury,* 263 F.2d 784, 787 (9th Cir. 1959) ("Section 1292(b) was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of litigation of legal questions which, if decided in favor of the appellant, would end the lawsuit."); *Menzel v. Scholastic, Inc.*, No. 17-CV-05499-EMC, 2020 WL 1308346, at *1 (N.D. Cal. Jan. 17, 2020) ("Here, even if there were a controlling question of law and substantial ground for difference of opinion, an immediate appeal will not materially advance the ultimate termination of the litigation, particularly given that the instant case is essentially on the eve of trial."); *Pablo v. ServiceMaster Glob. Holdings, Inc.,* No. C 08-03894 SI, 2011 WL 3678824, at *1 (N.D. Cal. Aug. 22, 2011) ("Allowing defendants to file an interlocutory appeal . . . on the eve of trial will impede, rather than materially advance, the ultimate

termination of this litigation."); *Corwin v. NYC Bike Share, LLC,* No. 14-CV-1285 (SN), 2017 WL 1318010, at *9 (S.D.N.Y. Apr. 7, 2017) ("In this case, it is plain that permitting an interlocutory appeal at this juncture, on the very eve of trial, would severely delay the termination of the litigation.").

Here, trial on the issue of damages is scheduled for April 9, 2024—less than a month away. *See* [ECF No. 136]. Probo contends that interlocutory appeal could materially advance the termination of this litigation if Probo were to prevail therein. [ECF No. 396, at 8]. But Probo's success on interlocutory appeal as to any of its posed questions would not terminate this case or any of the claims therein. Rather, it would set this case back to the summary judgment stage and potentially force the parties to, once again, prepare for trial. Except instead of preparing for a two-to-three-day trial limited to the issue of damages, the parties would be required to prepare for a lengthy trial on the issues of both liability and damages.[1] And regardless of whether the trial is held only on the issue of damages or as to both liability and damages, if the result were anything short of a *resounding* victory for Probo, it would almost certainly appeal that outcome. It is counter to logic, then, to believe that granting certification for an interlocutory appeal would do anything but further delay the adjudication of this case—a case that has already been plagued by Probo's continual delay tactics for over two years. *See generally* [ECF No. 393].

---

[1] Probo claims that trial could last anywhere from seven days (if the court *grants* all of its motions in *limine*) to almost twice that length at twelve days (should the court *deny* its motions). [ECF No. 370-1, at 59 n.11].

For this reason, I **FIND** that the material advancement requirement under § 1292(b) favors denial of Probo's motion.

B.  **Controlling Questions of Law and Substantial Differences of Opinion**

Because the material advancement requirement has not been satisfied, it is not necessary for the court to reach the issues of whether Probo presents controlling questions of law as to which there is substantial ground for difference of opinion. However, in the interest of justice, I will briefly outline the court's position on these requirements.

First, I find that Probo fails to prove that any one of its questions presented addresses a controlling question of law. Resolution of the personal jurisdiction issue, even if not waived, "would not entirely terminate the action in the district court," as Probo concedes. [ECF No. 396, at 5]. In fact, it would not even result in the dismissal of a single claim against it. Rather, it would merely limit the scope of damages—an issue that can readily be taken up on appeal after trial. Next, whether Probo received sufficient advance warning of this court's default sanction requires a fact-intensive inquiry that is not proper for interlocutory appeal. Likewise, the question of party liability for attorney conduct would require the appellate court to delve into the extensive record in this case and perform another fact-intensive inquiry. For these reasons, none of Probo's questions presented satisfy § 1292(b)'s first requirement.

I also find that none of Probo's questions presented satisfy § 1292(b)'s second requirement—that there be a substantial ground for difference of opinion. Probo concedes that the personal jurisdiction issue would be one of first impression in the

Fourth Circuit. This is because the issue is easily resolved and leaves no room for difference of opinion between courts. Probo's second question regarding advance notice, likewise, fails, because the Fourth Circuit made clear in *Mey v. Phillips* that explicit warnings are not always required before entering a default sanction against a party. 71 F.4th 203, 218 (4th Cir. 2023) ("There are circumstances . . . where the entry of default judgment against a defendant for systemic discovery violations is the natural next step in the litigation, even without an explicit prior warning from the district court."). Probo's reliance on prior or unpublished opinions in an attempt to conjure disagreement within this circuit is unpersuasive. Finally, Probo's third question, regarding attorney conduct, likewise does not leave room for difference of opinion among courts. *See* [ECF No. 393, at 55 (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 634 (1962) (stating that in "our system of representative litigation, . . . each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney"); *Gayle v. United Parcel Service, Inc.*, 401 F.3d 222, 226 (4th Cir. 2005) (rejecting the argument that her attorney's negligence justified equitable tolling of her claim); *In re Walters*, 868 F.2d 665, 668–69 (4th Cir. 1989) ("[O]ne cannot voluntarily choose an attorney and then avoid the consequences of the attorney's acts or omissions."); *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 409 (4th Cir. 2010))]. For these reasons, I find that § 1292(b)'s second requirement also favors denial of Probo's motion.

## IV. Conclusion

The court **FINDS** that Probo's Motion to Amend the February 20, 2024, Order to Include Certification for Interlocutory Appeal and to Stay Proceedings Pending Expedited Appeal, [ECF No. 396], fails to satisfy 28 U.S.C. § 1292(b)'s requirements for the issuance of certification for interlocutory appeal. Accordingly, the court **DENIES** Probo's motion, [ECF No. 396].

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 15, 2024

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE